UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIA MOTORS AMERICA, INC.

        Plaintiff,

v.

GLASSMAN OLDSMOBILE SAAB HYUNDAI,
INC.,

        Defendant.
                                      /

Case No.  11-12090

SENIOR UNITED STATES DISTRICT JUDGE
ARTHUR J. TARNOW

MAGISTRATE JUDGE MARK A. RANDON

## ORDER DENYING DEFENDANT'S MOTION FOR STAY AND FOR INJUNCTION PENDING APPEAL [23]

      Before the Court is Defendant's Motion to Stay and for Injunction Pending Appeal [23]. This case concerns a franchise agreement between franchiser Kia Motors America, Inc. ("Kia") and franchisee Glassman Oldsmobile Saab Hyundai, Inc. ("Glassman") and application of the Michigan Motor Vehicle Dealers Act.  For the reasons stated below, Glassman's Motion to Stay Pending Appeal is DENIED.

### I. Procedural History

      On January 23, 2012, the court entered an order [22] granting Kia's Motion to Dismiss and denying Glassman's Motion to Dismiss.  On February 2, 2012, Glass filed a Motion to Stay and for Injunction Pending Appeal [23].  Kia filed a Response [24] on February 16, 2012.  On February 23, 2012, Glassman filed a Reply [27].

### II. Analysis

      In determining whether to issue a stay, a court examines four factors:

      (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;

(2) whether the applicant will be irreparably injured absent a stay;
(3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and
(4) where the public interest lies

*Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

The court will evaluate each factor in turn.

### A. Likelihood of Success on the Merits

A party seeking a stay pending a review on the merits of a district court's judgment (as opposed to an injunction prior to a decision on the merits) "will have greater difficulty in demonstrating a likelihood of success on the merits. In essence, a party seeking a stay must ordinarily demonstrate to a reviewing court that there is a likelihood of reversal." *Michigan Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153-54 (6th Cir. 1991).

However, a high probability of success on the merits need not always be established. *Id.* "The probability of success that must be demonstrated is inversely proportional to amount of Irreparable injury plaintiffs will suffer absent the stay. *Id.* (citing *Ohio ex rel. Celebrezze v. Nuclear Regulatory Comm'n*, 812 F.2d 288, 290 (6th Cir. 1987)). However, "the movant is always required to demonstrate more than the mere'"possibility' of success on the merits." *Griepentrog*, 945 F.2d at 153-54 (citing *Mason County Med. Ass'n v. Knebel,* 563 F.2d 256, 261 n. 4. (6th Cir.1977)). "[E]ven if a movant demonstrates irreparable harm that decidedly outweighs any potential harm to the defendant if a stay is granted, he is still required to show, at a minimum, 'serious questions going to the merits.'" *Griepentrog*, 945 F.3d at 153-54 (citing *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985)).

As discussed below, the court finds that Glassman has failed to demonstrate irreparable harm. As such, Glassman bears a heavy burden and must essentially convince the court that the

court's previous decision will be reversed on appeal. Glassman fails to persuade the court that reversal is likely.

Glassman reiterates the arguments made before the court prior to the court denying Glassman's Motion to Dismiss and granting Kia's Motion to Dismiss. Glassman argues that the court erred in determining that the 2010 Amendment to the Michigan Auto Dealers Act imposed "new" duties to auto dealers. Glassman also argues that the court erred in determining that the 2010 Amendment was not intended to be retroactive. Glassman also repeats its argument that the term "applicable law" in its contract was intended by the parties to be forward-looking and to incorporate changes in the law subsequent to formation of the contract. These arguments have already been rejected by the court in its order [22] and Glassman provides no new points to persuade the court that its order was in error.

Glassman's only new argument seems to be that the court's order "essentially provides Kia with immunity from state regulation . . . ." The court disagrees with this interpretation of its order. The court has ruled that the 2010 amendment to the Michigan Auto Dealers Act was not intended to be retroactive and thus has no effect on the already-existing contract between Kia and Glassman. Thus, the ability of the state to regulate the activities of Kia is not an issue that has been ruled upon by the court.

### B. Irreparable Harm

The Supreme Court has provided substantial guidance in determining whether irreparable harm has occurred:

> "In evaluating the harm that will occur depending upon whether or not the stay is granted, we generally look to three factors: (1) the substantiality of the injury alleged; (2) the likelihood of its occurrence; and (3) the adequacy of the proof provided. *Ohio ex rel. Celebrezze,* 812 F.2d at 290. In evaluating the degree of injury, it is important to remember that [t]he key word in this consideration is

> *irreparable.* Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm."

*Sampson v. Murray*, 415 U.S. 61, 90 (1974) (quoting *Virginia Petroleum Jobbers Ass'n v. Fed. Power Comm'n*, 259 F.3d 921, 925 (D.C. Cir. 1958)).  Put another way, a plaintiff's harm from the denial of a preliminary injunction is irreparable if it is not compensable by monetary damages. *Basicomputer Corp. v. Scott,* 973 F.2d 507, 511 (6th Cir.1992).  A party seeking a stay and alleging irreparable harm must address each of the above factors, "providing specific facts and affidavits supporting assertions that these factors exist."  *Griepentrog*, 945 F.2d at 154 (citing *Ohio ex rel. Celebrezze*, 812 F.2d at 290).

Courts have also held that "a plaintiff can demonstrate that a denial of an injunction will cause irreparable harm if the claim is based upon a violation of the plaintiff's constitutional rights." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 578 (6th Cir. 2002).  The loss of a source of income, such as the loss of a job, does not constitute irreparable harm.  *See Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 578-79 (6th Cir. 2002).

Here, Glassman provides no specific facts or affidavits to support the substantiality of injury or its likelihood of occurrence.  Rather, Glassman asserts generally that if Kia is permitted to appoint a new dealer in Troy, it will interfere with Glassman's customer base, resulting in decreased sales. The loss of sales, i.e., monetary income, is not irreparable.  As noted by the Supreme Court, "injuries, however substantial, in terms of money . . . are not enough . . ." to constitute irreparable harm.  *Sampson v. Murray*, 415 U.S. at 90.

Glassman also contends that, pursuant to the Michigan Motor Vehicle Dealers Act, Glassman is entitled to notice from Kia prior to the appointment of a new dealer and the possibility of an action

for declaratory judgment.  Glassman contends that without a stay Glassman will be irreparably harmed because it will not be able to validate these rights under the Act.  This position presupposes that the Michigan Motor Vehicle Dealers Act applies in these in the present circumstances, something the court has already found is not the case.  Should Glassman be vindicated on appeal, the court sees no reason that Glassman cannot enforce its rights through the Michigan Motor Vehicle Dealers Act.  Moreover, as stated above, the harm to Glassman brought about by the presence of a new dealership is purely monetary, and thus not irreparable.

### C. Injury to Other Party

Glassman argues that Kia will not be injured by a stay, as Kia has not yet selected a new franchisee or site for a new dealership, and contends that a stay will actually help Kia by preventing over saturation of Kia dealerships.

Kia responds that a stay will be harmful to Kia by delaying the opening of a new dealership for some lengthy period of time, possibly greater than a year.  Kia also contends that other automobile manufacturers already have dealerships in both Southfield and Troy, thus putting Kia at a disadvantage.

The court finds that Kia will be injured by a stay, as Kia will be unable to open a new dealership for a lengthy period of time.

### D. Public Interest

Glassman argues a stay will serve the public interest by resolving appellate consideration of the retroactivity of the 2010 Amendment.  Glassman also contends that the public has an interest in seeing status properly applied.  Kia argues that the public interest is best served by allowing a new Kia dealership to proceed.

The court agrees that statutes should be properly applied, and finds that it has done so in this case. Appellate consideration of the retroactivity of the 2010 Amendment will occur regardless of whether a stay is granted. The court finds that this factor favors neither party.

### III. Conclusion

Having considered the four factors necessary for a stay and injunction, the court finds that Glassman, as the party moving for the stay, has failed to carry its burden of demonstrating the necessity of a stay. In particular, Glassman has failed to establish irreparable harm and has failed to convince the court that it is likely to succeed on the merits.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Stay and Injunction Pending Appeal [23] is **DENIED**.

**SO ORDERED**.

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: May 9, 2012

---

### CERTIFICATE OF SERVICE

I hereby certify on May 9, 2012 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on May 9, 2012: **None.**

s/Michael E. Lang
Deputy Clerk to
District Judge Arthur J. Tarnow
(313) 234-5182